**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

ARAM LOGISTICS, A California
corporation,

             Plaintiff - Appellant,

  v.

UNITED STATES LIABILITY
INSURANCE COMPANY, A Pennsylvania
corporation,

             Defendant - Appellee.

No. 24-1046

D.C. No.
3:23-cv-01869-H-DEB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, Senior District Judge, Presiding

Argued and Submitted January 15, 2025
Pasadena, California

Before: GOULD, FRIEDLAND, and BENNETT, Circuit Judges.

Aram Logistics ("Aram") appeals the district court's order granting

summary judgment for defendant, United States Liability Insurance Company

("USLI"). We have jurisdiction under 28 U.S.C. § 1291, and we review a district

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

court's rulings on summary judgment motions *de novo*. *Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008). We conclude that the district court did not err in dismissing Aram's claims on summary judgment.

Because the parties are familiar with the facts and procedural history of the case, we recite only those facts necessary to decide this appeal. This case arises from an underlying state court lawsuit between Aram and rival furniture delivery company, Diakon Logistics ("Diakon"). In that lawsuit, Diakon alleges that Aram misappropriated Diakon's proprietary information. USLI issued an insurance policy to Aram that includes a provision covering harm based on "personal and advertising injury." Aram contends that this provision of the insurance agreement creates a duty for USLI to defend Aram in the underlying suit by Diakon. Aram proposes that, even if none of Diakon's current claims allege advertising-based damages, extrinsic evidence exists that demonstrates the potential for coverage. USLI disagrees and contends that Diakon's claims are either outside the scope of coverage or subject to one of the policy's exceptions.

Insurance policies are subject to the ordinary rules of contract interpretation, and we apply California law in interpreting the insurance policy before us. *Stanford Univ. Hosp. v. Fed. Ins. Co.*, 174 F.3d 1077, 1083 (9th Cir. 1999). Under California law, "[i]n assessing coverage and exclusion issues, we look primarily to the allegations of the underlying complaint: Ambiguities are construed in favor of

2                                                                                    24-1046

the insured." *Uhrich v. State Farm Fire & Cas. Co.*, 135 Cal. Rptr. 2d 131, 137 (Ct. App. 2003). The duty to defend may extend past the four corners of the underlying complaint. "The duty to defend is broader than the duty to indemnify, and it may apply even in an action where no damages are ultimately awarded." *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 654 (2005). The duty to defend "exists where extrinsic facts known to the insurer suggest that the claim may be covered." *Id.*

Aram contends that a deposition of Diakon's CEO provides adequate extrinsic evidence to demonstrate that Diakon may have an advertising-based claim against Aram. In this deposition, the Diakon CEO discusses similarities between the two companies' advertisements and testifies that one of Aram's officers, an ex-Diakon employee, copied Diakon's advertising materials. Aram contends that this deposition gives rise to the potential of coverage for an advertising claim and, thus, a duty to defend on the part of USLI.

But even accepting Aram's contention that this extrinsic evidence could give rise to a duty to defend, USLI here does not have a duty to defend because coverage is excluded under the "knowing violation" exclusion. That exclusion states that a personal or advertising injury is not covered when it is "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'" The only

extrinsic evidence upon which Aram relies to establish a duty to defend on the part of USLI also indicates that Aram must have knowingly copied Diakon's advertising materials because the infringing officer at Aram was once at Diakon and was certainly familiar with its advertising information. Under the "knowing violation" exclusion in the insurance agreement, there is no coverage under these circumstances, so the district court rightfully granted summary judgment to USLI.

**AFFIRMED.**